| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| DYWAN SHENILLE BROOKS, § | |
| § | |
| Petitioner, § | |
| § | |
| versus § | CIVIL ACTION NO. 1:19-CV-144 |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| Respondent. § | |

# MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Dywan Shenille Brooks, an inmate confined at the LeBlanc Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends that the petition be dismissed as barred by limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes Petitioner's objections are without merit.

In his objections, petitioner asserts he is actually innocent of the offense. In *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013), the Supreme Court resolved a split among circuit courts by holding that a habeas petitioner can overcome the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") statute of limitations by making a convincing showing of actual innocence. *McQuiggin,* 569 U.S. at 386 (referencing 28 U.S.C. § 2244(d)(1)). The Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar … or … expiration of the statute of limitations." *Id.*

However, to utilize the court-created gateway, a petitioner is required to produce new evidence sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" when attempting to overcome the expiration of the AEDPA statute of limitations by showing actual innocence. *McQuiggin*, 133 S.Ct. at 1928 (quoting *Schlup v. Delo,* 513 U.S. 298, 329, 115 S.Ct. 851 (1995)). *McQuiggin* also held that an unjustifiable delay on the part of a habeas petitioner, while not to be counted as "an absolute barrier to relief," should still be considered as a "factor in determining whether actual innocence has been reliably shown." *Id.*

Here, petitioner does not rely on newly discovered evidence, nor does he explain his unjustifiable delay. The evidence on which petitioner relies was known or reasonably could have been discovered at the time of his conviction. Further, it is noted that petitioner has not explained the delay in this case after his conviction became final before he filed this petition. Accordingly, the petition should be dismissed as barred by limitations.

Further, in support of his assertion of innocence, petitioner asserts he has new evidence obtained from a suppression hearing conducted on July 6, 2015. In essence, petitioner wants this Court to the review the evidence and trial court proceedings and reach a different conclusion than the trier of fact. However, federal habeas courts are not an alternative forum for trying facts and issues which were insufficiently developed in state proceedings. *Williams v. Taylor*, 529 U.S. 420, 437 (2000). Federal habeas review under 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

As set forth above, petitioner has not presented new evidence supporting his claim of actual innocence. The evidence presented was from a suppression hearing conducted before his conviction. Thus, the evidence could have been discovered with due diligence prior to filing his appeal or state habeas petition. However, even if this Court were to consider his claims, "the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a

ground for relief on federal habeas corpus." *Boyd v. Puckett*, 905 F.2d 895, 896-97 (5th Cir.), *cert. denied*, 498 U.S. 988 (1990). Additionally, after reviewing the evidence, petitioner has failed to set forth a truly persuasive showing of actual innocence and his claims do not satisfy the extraordinarily high threshold for a potential actual innocence claim. *See Herrera v. Collins*, 506 U.S. 390, 417 (1993). Accordingly, petitioner's objections are without merit.

Moreover, petitioner has failed to show either that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Therefore, petitioner's objections should be overruled.

Additionally, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the petitioner are

3

not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Thus, the petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Therefore, a certificate of appealability shall not be issued.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 8th day of May, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE